ALLEN F. HAND AND OTHERS, APPELLANTS, v. ROSWELL S. BURROWS AND OTHERS, RESPONDENTS.

*Permission to plaintiff to bring in parties — upon what terms granted.*

In this action one of the defendants, a bank, demurred on the ground that its receiver should have been made a party to the action; two of the defendants answer jointly, and all the others separately, none of them setting up by demurrer the non-joinder of the receiver, which defect of non-joinder appeared upon the face of the complaint. The demurrer was overruled on the ground that the corporation had no interest in the joinder, but it appearing that, in this respect, there was a defect of parties, the plaintiff was allowed to join the receiver as a party, but was required to pay costs up to that time to all the defendants who had answered. The bringing in of the receiver did not change any of the issues in the action.

*Held*, that it was error to compel the plaintiff to pay costs to the defendants who had failed to demur.

*Held*, further, that the order requiring him so to do was appealable.

APPEALS by plaintiffs, one from a portion of an order granting, conditionally, a motion by plaintiffs to amend by adding a party defendant, the other from an order denying a motion for a readjustment of costs. This is an action brought by certain stockholders in a national bank against its directors to recover for their negligence in the discharge of their official duties. In April, 1873, the bank became and has since been insolvent, and Charles E. Strong was duly appointed its receiver. The bank itself was impleaded as a defendant, but the receiver was not. Two of the defendants have not appeared; the remaining seven defendants, including the bank, have appeared, all by one firm. Of these seven defendants, the six directors answered separately, except in one case in which two joined in one answer. Their defenses were substantially identical. In all of the answers the objection was taken that the receiver of the bank was not made a party. A demurrer was interposed in the name of the bank. One ground

of which was that the receiver was not made a party. This demurrer was overruled, the judge at Special Term holding that the defendant, the corporation, had no interest in the joinder. Subsequently plaintiffs moved to amend by adding the name of Mr. Strong as receiver, as a party defendant. No amendment was necessary in the body of the pleadings. The complaint already contained proper averments of his appointment. The motion to amend was made at Chambers, held by Mr. Justice DONOHUE, whose decision was : "If the plaintiff will pay all the the costs up to the present time, the leave asked will be granted; otherwise denied, with ten dollars costs." The order, as actually entered, imposed as terms the payments of all costs up to that time ; that the defendants, who had answered separately, and the bank should be entitled severally to such costs, and also provided that the defendants may answer or demur anew to the complaint within twenty days after payment of such costs. From the part of the order imposing such terms, the plaintiffs take the first appeal. The defendants' counsel under the provisions of such order taxed the bill of costs. The bill, as taxed, amounts to $338.40. A motion for readjustment, in the nature of an appeal from various items, was made upon affidavits and papers; all the objections were overruled and the motion denied. From the order denying this motion the second appeal was taken.

*Geo. C. Holt*, for the appellants.

*C. E. Tracy*, for the respondents.

DANIELS, J.:

As this case was decided upon the demurrer of the Atlantic National Bank, it was settled that the receiver of that bank should have been made a party defendant in the action. The demurrer was overruled but it appeared by the complaint that in this respect there was a defect of parties. (Code of Civil Procedure, § 488, subd. 6.) The defendants Burrows, Raynor, Root, Allen, Sheldon and Scribner did not demur, but answered, all of them separately, except the defendants Raynor and Root, who joined in their answer. They all consequently waived the objection, which the bank presented by the demurrer. For when such an objection

appears, as it did on the face of the complaint, it can be taken only by demurrer. (Code of Civil Procedure, §§ 498, 499.) When the order was made allowing the receiver to be joined as a defendant in the case, no change was required to be made in the statement of facts upon which the plaintiffs sought to maintain their action. But he was brought in so that he would be concluded by the judgment, in case one should be recovered by the plaintiffs, and the defendants would avoid being subjected to the risk of another action for the same cause at his suit. This required no change in the issues joined by the answer already served. And the order made provided for no such change. Still, the leave given to join the receiver as a defendant was burthened with the requirement that the plaintiffs should pay the defendants all their costs up to the time of making the order — those who answered separately being severally allowed such costs. As to the defendant that demurred, this may have been proper; but the other defendants had no title to these costs, because the issues between themselves and the plaintiffs required no change by the addition of the receiver of the bank as a defendant. As to them, these terms were in no legal sense of the word proper; and it is only to such as are just in themselves that the court can subject the moving party, when leave of this nature shall be applied for and given. (Code of Civil Procedure, § 723.)

There were no facts affecting the application which were any more fully before the Special Term, on the hearing of the application, than they now are before this court. They can consequently be as effectually and properly considered here as they were there; and, from such consideration, it is evident that the terms imposed upon the plaintiffs were more onerous than were required by the circumstances of the case.

The order affected a substantial right, and for that reason an unqualified right of appeal exists to the General Term, although the relief applied for involved the exercise of discretion (Code of Civil Procedure, § 1347, sub. 4); and when such a right exists, full effect can only be given to the appeal by a complete review of every consideration affecting the disposition of the case. It is not a restricted, but a general appeal that the parties have been secured in cases of that description. And, under this author-

ity, this order should be so modified as to allow the amendment on the payment of the costs of the bank, including costs of opposing this motion, which was the only defendant legally availing itself of the objection that the receiver had been improperly omitted as a defendant in the action; and as so modified, it should be affirmed without costs of this appeal.

INGALLS, P. J., concurred.

Present — INGALLS, P. J., and DANIELS, J.

Order modified as directed in opinion, without costs to either party on the appeal.